UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ELSIE D. WEIGEL,

        Debtor.

Case No. 10-17639-RGM
(Chapter 13)

## MEMORANDUM OPINION

The question presented in this chapter 13 case is whether the adoption of Fed.R.Bankr.Proc. 3002.1 requires a lender, in a case pending when the rule became effective, to file a late proof of claim so that it may comply with the new rule. This case was filed before December 1, 2011, the effective date of Rule 3002.1. The lender had not filed a proof of claim because there was no pre-petition arrearage. The bar date to file a proof of claim expired before the rule became effective. Rule 3002.1 requires lenders secured by a debtor's principal residence to file and respond to certain notices. Rule 3002.1(b) – (g). The notices and responses are filed as supplements to the creditor's proof of claim. Rule 3002.1(d) and (g). Without a proof of claim, the lender could not comply with Rule 3002.1, so it filed a late proof of claim. The trustee objected because the proof of claim was filed after the bar date.

With certain exceptions, late proofs of claims are not allowed in chapter 13 cases. *In re Blakely,* 440 B.R. 443 (Bankr.E.D.Va. 2010); *In re Nwonwu,* 362 B.R. 705 (Bankr.E.D.Va. 2007); *In re Day,* 2009 WL 3233160 (Bankr.E.D.Va. 2009); 9 Collier on Bankruptcy, ¶3002.03[1](16th ed. 2012). Prior to adoption of Rule 3002.1, the lender routinely refrained from filing proofs of claim if there was no pre-petition arrearage. The lender argues that it should be granted an exception because the bar date for filing a proof of claim expired before the adoption of Rule 3002.1 and it

1

cannot comply with the new rule unless it files a proof of claim, albeit belatedly, because the notices and response must be filed as supplements to a proof of claim. Rule 3001.1(d) and (g). *In re Sheppard,* 2012 WL 1344112, *4 (Bankr.E.D.Va. 2012); *In re Carr,* 468 B.R. 806, 808 (Bankr.E.D.Va. 2012).

Rule 3002.1 does not apply to all lenders who are secured by a lien on real property. It only applies if two conditions are met. The first condition is that the claim must be secured by a lien on the debtor's principal residence. Rule 3002.1(a). For example, a lien on the debtor's parent's home in which the debtor does not reside is not subject to Rule 3002.1 because it is not the debtor's principal residence. *In re Wallett,* 2012 WL 4062657 (Bankr.D.Vt. 2012). In this case, the first condition is met. The lender has a lien on the debtor's principal residence by virtue of its deed of trust.

The second condition is that the claim be provided for in the debtor's plan under §1322(b)(5) of the Bankruptcy Code. There are two parts to this condition. First, the lender's claim must be provided for in the debtor's plan. Second, the claim must be provided for under §1322(b)(5). The lender's claim is provided for in this debtor's chapter 13 plan. The debtor's plan expressly provides that the debtor will continue making regular post-petition monthly payments directly to the lender in accordance with the terms of her obligation. However, it is not provided for under §1322(b)(5). There is no plan provision to pay an arrearage because there was no arrearage. The claim is provided for in the plan because of the requirement that the debtor continue to make the regularly scheduled payments. However, because there were no pre-petition arrearages to be cured, §1322(b)(5) is not applicable.[1] Section 1322(b)(5) is only applicable if there is an arrearage to be

---

[1] Another example of a claim being provided for under the plan but not under §1322(b)(5) is the surrender of a residence.

cured.  Without an arrearage, Rule 3002.1 does not apply.  Because Rule 3002.1 does not apply, the lender does not need to comply with the provisions for giving notice, the trustee does not need to provide notice of the completion of the plan to the lender and the lender does not need to respond the trustee's notice of final cure.  Rule 3002.1(d), (f) and (g).  *In re Thongta,* 480 B.R. 317, 321 (Bankr.E.D.Wis. 2012);  *In re Garduno,* 2012 WL 2402789, *1 (Bankr.S.D.Fla. 2012).

In this case, it is unnecessary for the lender to file a late proof of claim in order to have one on file by virtue of its deed of trust so that it may comply with Rule 3002.1.  The trustee's objection is well-taken.  The claim will be disallowed as untimely filed.

Alexandria, Virginia
December 6, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Nathan A. Fisher
Thomas P. Gorman

18197